IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| LYNN D. LARSON, | ) | |
| | ) | CASE NO. BK10-40940-TLS |
| Debtor(s). | ) | A10-4056-TLS |
| JOAN L. LARSON, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| LYNN D. LARSON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

  This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 12) and resistance by the debtor (Fil. No. 17). David Hicks represents the debtor, and James L. Haszard represents the plaintiff. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

  The motion is granted.

  The parties divorced in 1994. Mr. Larson, the debtor, owes certain sums on judgments for spousal support, child support, and property settlement. Ms. Larson, the plaintiff, filed this adversary proceeding to have those debts declared non-dischargeable under 11 U.S.C. § 523(a)(5) and (a)(15). She now moves for summary judgment.

  Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). *See also Celotex Corp.*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

The following facts are uncontroverted or established by the record:

1. The District Court of Lancaster County, Nebraska, entered a decree of dissolution of the parties' marriage on December 7, 1994.

2. By that decree, Mr. Larson was ordered to pay child support of $1,500.00 per month beginning January 1, 1995, and each month thereafter.

3. Mr. Larson was also ordered to pay alimony of $4,500.00 per month for a period of 120 months commencing January 1, 1995.

4. The parties also entered into a property settlement agreement in connection with the dissolution. The agreement contained the following provision with regard to fairly dividing the marital assets:

> 15. In order to equalize the marital estate, Respondent [Mr. Larson] shall pay to Petitioner [Ms. Larson] the following amounts on the dates set forth hereafter:
> A.   $150,000.00 on or before January 15, 1995.
> B.   $50,000.00 on or before January 15, 1996.
> C.   $50,000.00 on or before January 15, 1997.
> D.   $50,000.00 on or before January 15, 1998.
> E.   $50,000.00 on or before January 15, 1999.
> F.   $100,000.00 on or before January 15, 2000.
> G.   $100,000.00 on or before January 15, 2001.
> H.   $100,000.00 on or before January 15, 2002.
> I.   $100,000.00 on or before January 15, 2003.
> J.   $100,000.00 on or before January 15, 2004.
> K.   $100,000.00 on or before January 15, 2005.
> L.   $57,008.00 on or before January 15, 2006.

Affid. of Joan L. Larson, Ex. 2 at 7-8 (Fil. No. 13).

5. Mr. Larson failed to make the last six annual property settlement payments, so the Lancaster County District Court found the total amount due, as of December 18, 2009, to be $736,876.92.

6. The Lancaster County District Court also found Mr. Larson to be in willful contempt of the court order regarding the property settlement and alimony payments.

7. The balance due on the alimony debt is $7,831.14.

8. The balance due on the child support debt is $10,164.13.

9. Mr. Larson filed his Chapter 11 bankruptcy petition on March 30, 2010.

10. The court granted Ms. Larson relief from the automatic stay to enforce her liens against the debtor's residence and to move forward with garnishment proceedings against the debtor's post-petition income to collect alimony and child support.

The confirmation of a Chapter 11 plan does not discharge the individual debtor from any debt excepted from discharge under § 523. § 1141(d)(2). Section 523 excepts debts for domestic support obligations (§ 523(a)(5)) and debts

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record[.]

§ 523(a)(15).

Pursuant to 11 U.S.C. § 101(14A), the term "domestic support obligation" means:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
> (A) owed to or recoverable by –
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
> (i) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

This definition was enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") to expand the protections for those whom the debtor is obligated to support.

> Section 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by section 523(a)(15) is nondischargeable. Thus, in individual cases under chapters 7 and 11 and in cases under chapter 12, all of which base dischargeability on the subsections of section 523(a), the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence in determining the dischargeability of the debt.

*Douglas v. Douglas (In re Douglas)*, 369 B.R. 462, 465 (Bankr. E.D. Ark. 2007) (quoting *Tracy v. Tracy (In re Tracy)*, 2007 WL 420252 at *2-3 (Bankr. D. Idaho Feb. 2, 2007)).

The debtor does not dispute the non-dischargeable nature of the child support, alimony, and property settlement debts he owes. His primary objections seems to be to the amount of the debts, suggesting that payments he has made have been misapplied and improperly calculated by the state court. Nevertheless, the appropriate venue for challenging the state court decisions would have been to appeal in the state court system. The debts to be repaid in the bankruptcy case are represented by final orders of the Lancaster County District Court, and those debts are not dischargeable in this Chapter 11 bankruptcy case.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 12) is granted. Separate judgment will be entered.

DATED:   December 29, 2010

BY THE COURT:

 /s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
　　David Grant Hicks
　　*James L. Haszard
　　U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.